## TEXAS & P. RY. CO. v. CODY.

(Circuit Court of Appeals, Fifth Circuit. February 5, 1895.)

### No. 316.

1. TRIAL—OMISSION TO INSTRUCT ON MEASURE OF DAMAGES.

Defendant cannot complain of the court's omission to instruct the jury as to the measure of damages when he has failed to request a proper charge; and this is especially true where the action is for personal injuries producing total disability on the part of a man, but 35 years old, previously in vigorous health and earning over $65 a month, who claims only $10,000, as in such case it would seem safe to trust the average jury to measure the damages correctly.

2. RAILWAY COMPANIES—ACCIDENT AT CROSSING — INSTRUCTIONS AS TO NEGLIGENCE OF TRAVELER.

An instruction declaring, in substance, that a person about to cross a railroad track is required to exercise due care fitted to the time, occasion, and circumstances,—such care as an ordinarily prudent man would exercise under similar circumstances,—*held* to be correct and sufficient; and *held*, further, that there was no error in refusing a requested charge, that plaintiff was bound "to stop, look, and listen," before attempting to cross the track.

3. SAME.

A requested charge "that the rights of the railway company and of the public are not equal, but the right of the company is superior to the right of the traveling public on all parts of its track, even at crossings," *held* to be defective and misleading, even if conceded to be technically correct, as people have the same right to travel upon streets as railway companies have to run trains on their tracks.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This was an action by Henry D. Cody against the Texas & Pacific Railway Company to recover damages for personal injuries sustained while attempting to cross defendant's tracks on Jennings avenue, in the city of Ft. Worth, Tex. In the circuit court judgment was rendered for plaintiff, upon the verdict of a jury, in the sum of $7,500. Defendant brings error.

Among the instructions given by the court, which are complained of by the defendant and assigned as error, were the following:

"The plaintiff, if he was injured on Jennings avenue while attempting to cross defendant's track, was required to use due care himself to avoid danger. The care which a person who crosses a railroad track on a street in a city is required to use is a question of fact for the jury. It varies with the surrounding circumstances. Such person is required to use due care to avoid danger. Should he not do so, and his own negligence is the proximate cause of his injuries, he cannot recover, although the railroad company may not have given the signals which the law requires to indicate the approach of the train."

"Should you believe from the evidence that the plaintiff knew, or by the use of reasonable diligence might have known, of the approach of defendant's train, and thereby have avoided the danger, then you will find for the defendant."

"A person attempting to cross a railroad track has the right to expect that the railroad will give the signals required by law, and if he is without fault, and such neglect on the part of the road results in his injury, then he cannot recover."

"The degree of care that was proper care on the part of the plaintiff and defendant must fit and grow out of the time, the occasion, and circumstances. If the night was dark and misty, and no arc light or other light lit up the crossing at Jennings avenue, then to the extent that such facts, if at all, increased the danger at the crossing of Jennings avenue, then to that extent was greater care and prudence required of both plaintiff and defendant at said crossing."

"The care to be exercised is such as an ordinary prudent man would exercise under similar circumstances. This is the true rule, whether applied to the alleged negligence of the railroad company or the alleged contributory negligence of the plaintiff, and what is due care under a given state of facts must be determined by the jury by applying the rule as to what in their judgment a man of ordinary prudence would have done under the circumstances shown by the evidence."

The second assignment of error was in the following terms:

"The court erred in that portion of its charge wherein it instructed the jury that if they found for plaintiff they would find for him in any sum not to exceed $10,000, in this: that said charge prescribed no measure of damages, but leaves their assessment to the unbridled discretion of the jury."

T. J. Freeman, for plaintiff in error.

Farrar, Jonas, Kruttschnitt & Ginley, for defendant in error.

Before McCORMICK, Circuit Judge, and BRUCE and TOULMIN, District Judges.

McCORMICK, Circuit Judge. Reducing the assignment of errors in this case to its due proportions, excluding repetitions and argument, it appears that the plaintiff in error contends that the trial court erred (1) in refusing to direct a verdict for the defendant; (2) in failing to instruct the jury as to the measure of damages; (3) in refusing to instruct the jury in the very words that it is the duty of a traveler to stop and look and listen, etc., before attempting to cross a railroad track; (4) in refusing to charge the jury that the right of the railroad company on every part of its track is superior to that of the public.

Five of the repetitions of the first assignment of error are in express terms based on the defendant's view of what "a fair preponderance of the evidence showed." It can hardly be made clearer that the case was not one to be withdrawn from the jury. The defendant did not submit a proper charge on the measure of damages. The plaintiff had lost his leg; had been two months in the hospital; had required and received medical, surgical, and other attention proved to be of the value of $700. He was 35 years old; a man of sound and vigorous health up to the injury; earning $65 a month, besides board and washing, the year round. After the injury he could go only on crutches; could not earn any wages in the calling he had followed for the next preceding 11 years. He claimed only $10,000 damages. The court might safely trust the average jury to measure the damages. The settled rule is that the party cannot complain of such omission when he omitted to propose and request a proper charge. If the defendant had suffered injury from the want of such a charge,—which it has not,—it would be barred of redress by its contributory negligence. As to the third ground of error in our redaction of the assignment we are of

opinion that the charge of the court on that subject was correct and sufficient. It was therefore right to refuse the requested charge. "A judge is not bound to charge upon assumed facts in the ipsissima verba of counsel, nor to give categorical answers to a judicial catechism based on such assumption. Such a course would often mislead the jury instead of enlightening them, and is calculated rather to involve the case in the meshes of technicality than to promote the ends of law and justice. It belongs to the judicial office to exercise discretion as to the style and form in which to expound the law and comment upon the facts; and if a judge states the law incorrectly, or refuses to state it at all, on a point material to the issue, the party aggrieved will be entitled to a new trial. But when he explains the whole law applicable to the case in hand, as we think was done in this case, he cannot be called upon to express it in the categorical form, based upon assumed facts, which counsel choose to present to him." Improvement Co. v. Stead, 95 U. S. 161. The fourth ground of error assigned is not well taken. The refused charge was in these words: "You are instructed that the rights of the railway company and of the public are not equal, but that the right of the company is superior to the right of the traveling public on all parts of its track, even at crossings." If we concede that, as an abstract proposition, the language of this request is technically correct, still, standing alone, as a requested charge, it is defective and misleading; for the people have the same right to travel on public streets and ordinary highways that railway companies have to run trains on their railroad tracks. The judgment of the circuit court is affirmed.